UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Gregg Pfeiffer and
Barbara Pfeiffer,

                Plaintiffs,                            **Hon. Hugh B. Scott**

                                                04CV0155C

                v.

                                                **Decision &**
                                                **Order**

David Mavretic, et al.,

                Defendants.

Before the Court are the following motions: plaintiff's motions to dismiss defendants' jurisdictional defense (Docket No. 16 and 18); defendants' motion to compel the deposition of the plaintiff and medical authorizations (Docket No. 21) and plaintiff's motion for a pretrial conference (Docket No. 30).[1]

The plaintiff's motions to dismiss the defendants' jurisdictional defense are moot inasmuch as the defendants have withdrawn that defense. (Docket No. 21 at ¶ 21). The affirmative defense of a lack of personal jurisdiction is deemed to have been withdrawn.

**Discovery Motions**

The defendants' cross-motion sought to compel the plaintiff to provide certain medical releases and to appear for deposition. Subsequent to the filing of that motion, the plaintiff

---

[1] The plaintiff's motion for a pretrial conference was rendered moot when such a conference took place on April 24, 2006. See Docket No. 33.

provided the requested authorizations and did appear for deposition. The defendants seek sanctions and costs for bringing the motion.

By letter dated September 23, 2005, the defendants requested that the plaintiff provide Health Insurance Portability and Accountability Act of 1996 (HIPAA) authorizations for the following providers: Anthoney M. Avellanosa, M.D.; Ronald Schenk, MS, PETITIONER, OCS; Metro Physical Therapy, PLLC; Western New York Physical Therapy; and Western New York Radiology Associates. (Docket No. 21-2 at Exhibit D). The defendants again requested these authorizations in a letter dated October 17, 2005. Id. The plaintiff apparently objected to providing the authorizations on the grounds that the plaintiff was treated by these medical providers long before the accident underlying this action. By letter dated November 1, 2005, the defendants stated that the injuries the plaintiff in this case are "the same injuries he sought treatment for from the above providers" and again demanded that the authorizations be produced. By letter dated November 29, 2005, the plaintiff's counsel stated that he had the authorizations, but that he would not provide them until the defendants counsel provided a letter stating the date on which the defendants conceded liability and a waiver of the asserted jurisdictional defense. (Docket No. 21-2, Exhibit D).

A party cannot withhold discovery which was the subject of a proper discovery request pending the requesting party's compliance with the responding party's own demand for discovery or other concessions (even if the requested concessions may be appropriate or undisputed). Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure provides that "[if] the motion [brought under Rule 37] is granted or *if the disclosure or requested discovery is provided after the motion was filed*, **the court shall,** after affording an opportunity to be heard, require the

party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, *unless* the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection *was substantially justified,* or that other circumstances make an award of expenses unjust."

In the case at hand, the record demonstrates that the defendants made a good faith effort to obtain the medical releases without judicial intervention and the plaintiff has failed to demonstrate any justification for the failure to respond to the discovery demands in a timely manner.  The Court awards costs and attorneys fees incurred by defendants in connection with bringing the instant motion. The defendant is directed to submit an affidavit with the Court by August 21, 2006, detailing the costs incurred, and itemizing the attorneys fees charged in connection with the instant motion.  The plaintiff may respond to the fee application in writing by August 31, 2006.  The Court will determine the fee request without further argument unless otherwise determined upon review of the papers.

**Scheduling Order**

The following scheduling order shall apply with respect to the remainder of this case:

1. All discovery, including expert discovery, shall be completed by September 29, 2006.
2. Dispositive motions, if any, shall be filed by October 27, 2006.

The parties are encouraged to discuss the settlement of this case.  This case will be referred to Magistrate Judge Victor E. Bianchini for settlement purposes.  A separate order in that

regard will be issued.

    So Ordered.

                                             /s/ Hugh B. Scott
                                        United States Magistrate Judge
                                        Western District of New York

Buffalo, New York
August 9, 2006